IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| 1000 HILLCREST DRIVE PROPCO, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MARK HASTINGS, <br><br> Defendant. | Case No. 25-2031-JAR-GEB |

## MEMORANDUM AND ORDER

Plaintiffs are various property-holding LLCs and their members ("the Property Companies") who brought this suit for breach of a settlement agreement against Defendant Mark Hastings. The Property Companies filed this action in the District Court of Leavenworth County, Kansas, and Hastings removed the action to this Court, alleging diversity jurisdiction under 28 U.S.C. § 1332(a). Before the Court are Defendant's Motion to Dismiss (Doc. 8) under Rule 12(b)(6) and Plaintiffs' Motion to Stay Pending Resolution of Concurrent Proceeding (Doc. 15). The motions are fully briefed, and the Court is prepared to rule. For the reasons stated below, the Court grants in part Defendant's motion, stays the case as requested in that motion, and finds Plaintiffs' motion moot.

## I. Background

The following facts are alleged in the Property Companies' Amended Petition.[1] For the purpose of deciding this motion, the Court assumes these facts to be true and draws all reasonable inferences in the Property Companies' favor.

---

[1] Doc. 1-1.

In September 2024, the Property Companies and Hastings entered into an agreement settling various claims against Hastings for his failure to pay them. That settlement agreement has two provisions relevant here: (1) Hastings agreed to pay the Property Companies $3 million over several years and (2) as a condition precedent to that agreement, Hastings would secure the $3 million settlement payment by conveying to the Property Companies mortgages and deeds of trust for certain properties in Kansas and Missouri.

Hastings soon breached that settlement agreement. After making an initial payment of $500,000, Hastings stopped payment, and he never conveyed to the Property Companies the mortgages and deeds of trust required under the settlement agreement. So in December 2024, the Property Companies filed two suits against Hastings: one in Jackson County, Missouri; a second—this case—a week later in Leavenworth County, Kansas. The lawsuits seek (1) payment of the remaining $2.5 million and (2) specific performance ordering Hastings to convey the mortgages and deeds of trust for the properties.[2] Hastings removed this Kansas action, and the Missouri case remains pending in state court.

## II. Discussion

At the close of the briefing on Hastings' Motion to Dismiss, all parties here wanted the same thing: a stay of the case under *Colorado River Water Conservation District v. United States*.[3] But later, when the Property Companies filed a separate motion to stay the case, Hastings contested it. Hastings now urges the Court—despite its arguments in its briefs on the motion to dismiss—to stay the case only if it does not decide the merits of the motion to dismiss.

---

[2] The Property Companies' Amended Petition only discusses the mortgages for the Kansas properties; it makes no mention of the Missouri properties. Even so, the Amended Petition's demand for relief makes no distinction between the Kansas and Missouri properties and asks for specific relief requiring Hastings to "perform his obligations under the Settlement Agreement, including but not limited to his obligation to execute the deeds of trust and mortgages to secure the Settlement Agreement payments." Doc. 1-1 at 14.

[3] 424 U.S. 800 (1976).

But regardless of Hastings' position on the Property Companies' separate stay motion, Hastings' motion to dismiss sought a stay of this case under *Colorado River*, and the Property Companies did not oppose it. So the Court gives the parties what they asked for: the Court stays this case pending resolution of the parallel Missouri state-court proceeding.

To determine whether a stay under *Colorado River* is warranted, the Court must first determine whether the two actions are parallel.[4] Then, if the actions are parallel, the Court turns to the *Colorado River* factors: "(1) whether the state or federal court first assumed jurisdiction over the same res; (2) 'the inconvenience of the federal forum'; (3) 'the desirability of avoiding piecemeal litigation'; and (4) 'the order in which jurisdiction was obtained by the concurrent forums.'"[5] The Supreme Court later added two additional factors to this analysis: (1) "whether 'federal law provides the rule of decision on the merits'"[6] and (2) "whether the state-court proceedings adequately protect the litigants' rights."[7] As explained below, the parties agree that a stay under *Colorado River* is appropriate, so the Court grants it.

After removing this case, Hastings filed a motion to dismiss under Rule 12(b)(6). That motion urged the Court, in part, to dismiss or stay this case under *Colorado River*.[8] Permitting concurrent suits, Hastings explained, would subject him to piecemeal litigation and the "grave[] risk of inconsistent verdicts on the exact same claims between the same parties."[9] The Property Companies then responded to that argument. Though they contested that *Colorado River*

---

[4] *See Allen v. Bd. of Educ., Unified Sch. Dist. No. 435*, 68 F.3d 401, 402 (10th Cir. 1995).

[5] *D.A. Osguthorpe Fam. P'ship v. ASC Utah, Inc.*, 705 F.3d 1233, 1234 (10th Cir. 2013) (quoting *Col. River*, 424 U.S. at 817).

[6] *Id.* at 1235 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23 (1983)).

[7] *Id.* (citing *Moses H. Cone*, 460 U.S. at 26–27).

[8] Doc. 10 at 11–13 ("Under the *Colorado River* doctrine, this second-filed litigation should be stayed or dismissed.").

[9] Doc. 10 at 13.

warranted dismissal of the action, the Property Companies nevertheless noted that they "do not oppose such a stay" under *Colorado River*.[10] And then in his reply, Hastings seized on this new concession by the Property Companies: "[t]his Court should thus stay this litigation pending disposition of the Missouri suit."[11] Indeed, the Court's failure to do so would "unfairly subject Mr. Hastings to double the attorney fees defending against frivolous, duplicative litigation in violation of the . . . *Colorado River* doctrine."[12] So at the close of the briefing for the motion to dismiss, it seemed that the parties had reached some common ground: each agreed that staying the case would be proper.

But at some point, Hastings got buyer's remorse. Following the briefing on the motion to dismiss, the Property Companies moved to stay this case pending resolution of the Missouri case,[13] and Hastings objected, apparently no longer concerned about the "grave[] risk[s]" discussed above.[14] Though continuing to concede that "a stay may be proper under the *Colorado River* doctrine"[15]—and in fact again consenting to a *Colorado River* stay in these proceedings—Hastings added a new condition for granting the stay: the Court should stay the case *only if* the Court denies his motion to dismiss on the merits.[16] Yes, says Hastings, the Court should stay the case and avoid deciding the case's substantive issues—unless it wants to decide the substantive issues in his favor on his 12(b)(6) motion.

---

[10] Doc. 11 at 12 n.7.

[11] Doc. 13 at 3.

[12] *Id.*

[13] The Property Companies moved for a stay under the Court's inherent authority, not under *Colorado River*. Doc. 15 at 2.

[14] Doc. 10 at 13.

[15] Doc. 16 at 2 n.1.

[16] *Id.*

Hastings cannot have both. He cannot seek this Court's final determination of the parties' rights—through dismissal with prejudice of the claims against him—and in the same breath urge that this Court should yield to another forum's final determination of the parties' rights.[17] Either way, Hastings' motion to dismiss moved for a stay under *Colorado River*,[18] and the Property Companies did not oppose it. So the Court accepts both parties' concession that the Court should stay this litigation pending resolution of the parallel state-court litigation.[19] Because the Court will stay this case, the Court does not reach Hastings' other grounds for dismissal under Rule 12(b)(6).[20]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 8) is **granted in part and denied in part**. Plaintiffs' Motion to Stay Pending Resolution of Concurrent Proceeding (Doc. 15) is **moot**.

---

[17] *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983) ("[T]he decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case . . . .").

[18] Though Hastings argues that the Court "must . . . dismiss[] or stay[]" this case under *Colorado River*, the Tenth Circuit has instructed that application of the *Colorado River* doctrine should ordinarily result in a stay, not dismissal. *United States v. City of Las Cruces*, 289 F.3d 1170, 1192 (10th Cir. 2002) (citing *Fox v. Maulding*, 16 F.3d 1083 (10th Cir. 1994)). And regardless, he has now conceded that staying the case instead of dismissal would be appropriate under *Colorado River*. Doc. 13 at 3 ("[T]his Court should . . . stay this litigation pending disposition of the Missouri suit . . . ."); *see also* Doc. 16 at 2 n.1.

[19] Even if the Court conducted an independent *Colorado River* analysis, the result would be the same. The threshold issue—parallel proceedings—is met because this case and the Missouri case have the same parties. They also raise substantially the same issue—whether Hastings can claim failure of a condition precedent to avoid his obligation under the settlement agreement to make the settlement payments and convey the mortgages and deeds of trust for the Kansas and Missouri properties. *See Allen v. Bd. of Educ., Unified Sch. Dist. 436*, 68 F.3d 401, 403 (10th Cir. 1995) (quoting *Fox*, 16 F.3d at 1082). And several of the *Colorado River* factors weigh in favor of staying the case: piecemeal litigation could result in inconsistent judgments against Hastings requiring him *vel non* to convey the mortgages and deeds of trust; the Missouri state court obtained jurisdiction first; and federal law does not provide the rule of decision. *See D.A. Osguthorpe Fam. P'ship v. ASC Utah, Inc.*, 705 F.3d 1233, 1234 (10th Cir. 2013) (discussing factors and calling the piecemeal-litigation factor "the 'paramount' consideration (quoting *Moses H. Cone*, 460 U.S. at 19)).

[20] *Crawford v. Guar. State Bank & Tr. Co.*, 22-2542, 2023 WL 5222496, at *7 (D. Kan. Aug. 15, 2023) (quoting *Moses H. Cone*, 460 U.S. at 28).

**IT IS FURTHER ORDERED THAT** this case is hereby **stayed pending resolution of the Missouri state-court action.** The parties shall notify the Court when the Missouri state-court action has concluded or file a joint status report if the action remains pending on August 18, 2025.

**IT IS SO ORDERED.**

Dated: April 16, 2025

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE